# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48663

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| JOHN DOE (2021-09), | ) ) |
| Petitioner-Appellant, | ) **Filed:  July 13, 2021** ) |
| v. | ) **Melanie Gagnepain, Clerk** ) ) |
| JANE DOE, | ) **THIS IS AN UNPUBLISHED** ) **OPINION AND SHALL NOT** ) **BE CITED AS AUTHORITY** |
| Respondent. | ) ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Laurie A. Fortier, Magistrate.

Judgment of the magistrate court dismissing petition for termination, <u>vacated</u>; and <u>case remanded</u>.

Steven A. Roll, Boise, for appellant.  Steven A. Roll argued.

Thalia J. Radey, Boise, for respondent.  Thalia J. Radey argued.

_____

GRATTON, Judge

John Doe (Father) appeals from the magistrate court's judgment dismissing his petition to terminate Jane Doe's (Mother) parental rights.  Father argues that the court erred by (1) finding just cause for Mother's abandonment, and (2) failing to analyze Father's claim of neglect.  For the reasons set forth below, we vacate the magistrate court's judgment dismissing Father's petition to terminate Mother's parental rights.  We remand this case to the magistrate court for further consideration consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2020, Father filed a petition to terminate Mother's parental rights to the parties' biological child, F.M.  The case proceeded to trial.  At trial, Father, Mother, and Father's father testified.  In addition, the only exhibits admitted at trial were the report from the social

1

investigation ordered by the magistrate court prior to trial and Mother's pay stubs indicating that child support was garnished from Mother's paycheck. The following evidence was presented at trial: Father and Mother met while in high school and were friends for years prior to beginning a dating relationship. The two began dating in 2015 and Mother became pregnant shortly thereafter. Because of difficulties with her pregnancy, Mother moved in with Father and Father's parents in their Boise apartment (the apartment). F.M. was born on November 16, 2015. When F.M. was approximately six months old, an argument between Mother and Father's parents ensued and Mother moved out of the apartment. Father and Mother continued working on their relationship and worked together to exchange F.M. on nearly a daily basis.

Approximately two months after Mother moved out of the apartment, and when F.M. was eight months old, Father and Mother ended their relationship. After the breakup, Father blocked Mother on Facebook. Shortly after the parties ended their relationship, Mother dropped F.M. off for an exchange but did not return to pick up F.M. and did not contact Father. As a result, Father dropped out of school, rearranged his work schedule, found a daycare for F.M., and sought the assistance of his parents to transport F.M. to daycare. In late 2016, Father filed a paternity action seeking a custody order for F.M. In early 2017, the court issued its order granting joint legal custody of F.M. to both parents and primary physical custody of F.M. to Father. Mother was allowed supervised visitation with F.M. every other weekend. Initially, Mother exercised her visitation with her mother present. However, Mother's last time visiting with or speaking to F.M was in August of 2017, when F.M. was twenty-one months old. Since that time, F.M. has resided exclusively with Father and Father's parents at the Boise apartment.

Mother was incarcerated on drug charges from August to October 2017. Mother was again charged with felony possession of drugs in December 2017. Because of her second charge, Father filed a petition to modify the custody order seeking sole legal custody of F.M. and visitation at Father's discretion. Mother was incarcerated on the second charge from January until April 2018. Mother was served with Father's petition while she was incarcerated, but did not respond.[1] Consequently, the court granted Father's modification request. In November 2018, Mother attempted to contact F.M. on his birthday. However, Father testified that the only call he received from Mother was on Mother's Day in 2018. Sometime during 2018, Mother lost her phone and

<hr>

[1] At trial, Mother testified that she was unaware of the proceedings until she was released and reviewed the court documentation that was served at her mother's residence.

all of her contact numbers. Thereafter, Mother was charged with a third drug offense and was incarcerated from January to November 2019. Mother claimed that she contacted mutual friends on social media in an attempt to get into contact with Father, but was unsuccessful. In addition, the findings of fact state that "in December 2018 or 2019, [Mother] ran into [Father's] parents and [Mother] tried to give them her phone number and asked them to provide it to [Father], which they were unwilling to do." Mother also claimed that the last time she visited the apartment for an exchange, Father's mother told her that Father and F.M. no longer resided at the apartment and threatened to call the police if Mother returned. Based on that, Mother claimed that she was unaware of Father's address until she reviewed the social investigation report. Mother stated that she did not visit the residence again because she was on felony probation and feared law enforcement involvement. In February 2020, Mother contacted the Department of Health and Welfare and began paying a portion of her child support through wage garnishments.

Father and F.M. have continually resided in the Boise apartment that Father and Mother once shared. Additionally, Father has had the same phone number since 2011 and Father's father has had the same phone number for twenty-one years. Mother has not gone to the apartment, nor has she provided gifts or letters to F.M. Mother has not visited or contacted F.M.'s daycare or school.

In May 2020, Father filed the present petition to terminate Mother's parental rights based on the statutory grounds of abandonment, neglect, and inability to discharge parental responsibilities. After trial, the court issued its findings of facts and conclusions of law. Therein, the court recognized that Father filed a petition seeking termination of Mother's parental rights based on the above-listed grounds, but stated: "However at trial, [Father]'s focus was on [Mother]'s abandonment of F[.M.]." Thereafter, the court analyzed Father's claim of abandonment. The court determined that Father established a prima facie case of abandonment. However, the court concluded that Mother presented just cause for her abandonment:

> While not the most persuasive argument, [Mother] was unable to contact [Father] because she lost her phone and all her phone numbers in 2018; however, prior to that time, she only attempted to contact [Father] on Mother's Day and [F.M.]'s birthday in 2018. It is clear there is a strained relationship between the parents. [Mother] continues to be blocked by [Father] on Facebook and she does not have his phone number. [Mother] reached out on social media to mutual friends in an attempt [to] regain a connection with [Father]. [Mother] tried to give her phone number to [Father's] parents when she saw them and they would not take her phone number. [Mother] did not go to [Father's] residence out of fear that law

enforcement would be called. The last time she attempted to pick up F[.M.] for her visitation time at the residence, [Father]'s mother stated they did not live there any longer and threatened to call the police if [Mother] were to come to the residence again. [Mother] does not want law enforcement involved in her life if at all possible.

The court concluded its analysis of abandonment by stating:

In light of the fundamental liberty interest at stake and the evidence presented herein, the Court concludes [Mother] has established just cause to explain her willful failure to maintain a normal parental relationship with F[.M]. Accordingly, [Father's] Petition is not supported by clear and convincing evidence and must be dismissed.

The court did not consider the statutory grounds of neglect or inability to parent for a prolonged period. The court entered a final judgment dismissing Father's petition for termination. Father timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater

quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Father argues that the magistrate court erred by finding that Mother presented just cause for her abandonment of F.M. In addition, Father argues that the trial evidence also demonstrated that Mother neglected F.M. and the court erred by failing to analyze Father's claim of neglect. We will address both of Father's contentions in turn below.

### A. Abandonment

Father argues that the court erred by failing to terminate Mother's parental rights on the basis of abandonment. Specifically, Father contends that the court properly determined that the evidence supported a prima facie showing of abandonment.[2] However, Father argues that the court's determination that Mother established just cause for her abandonment was clearly erroneous. In response, Mother argues that she presented just cause for her failure to maintain a normal parental relationship with F.M. because various obstacles prevented her from contacting F.M. from August 2017 to the present.

---

[2] Father contends that abandonment exists because Mother has failed to have any personal contact with F.M. by any means from August 2017 to the present. In addition, Father argues that Mother abandoned F.M. because she did not provide any financial support to F.M. from August 2017 until February 2020.

Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010).[3]

When a parent fails to maintain a normal parental relationship without just cause for a period of one year, prima facie evidence of abandonment exists. I.C. § 16-2002(5). There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the parent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the parent then has the burden of production to present evidence of just cause. *Id.* If the magistrate court finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

In this case, the court concluded that Father presented prima facie evidence of abandonment by showing that Mother "failed to maintain a normal parental relationship by failing to have any personal contact with F[.M.] for over one year." Thus, the "burden of production" to present evidence of just cause shifted to Mother. *Doe*, 150 Idaho at 50, 244 P.3d at 194. The court determined that the following findings constituted just cause for Mother's abandonment: (1) Mother was unable to contact Father because she lost her phone and all her phone numbers in 2018; (2) Father blocked Mother on Facebook; (3) Mother reached out to mutual friends on social media in an attempt to connect with Father; (4) Mother tried to give her phone number to Father's parents when she ran into them but they would not take her phone number; and (5) Mother did not go to Father's residence out of fear that the police would be called.

---

[3] In this case, the court recognized that the statute provides for abandonment on the separate bases of a parent's willful failure to pay reasonable support or to have regular personal contact. While Father presented evidence of Mother's lack of financial support at trial, the magistrate court made no findings relative to abandonment based on a failure to provide reasonable support.

On appeal, Father argues that "according to existing statutory guidance and case law in this jurisdiction," those findings do not amount to just cause for Father's abandonment of F.M. Specifically, Father points out that Mother last contacted F.M. in August 2017 and Mother's excuses for failing to contact or support F.M. since that time do not relate to any given one-year period or the entire period for which she abandoned F.M. Thus, Mother's excuses cannot amount to just cause for her abandonment during those times.[4]

We agree with Father insomuch as we conclude the court failed to specify a particular period of abandonment and correlate Mother's just cause excuses with that period of abandonment. When reviewing a lower court's decision to terminate parental rights, the Idaho Supreme Court has stated: "Evidence offered to rebut a showing by petitioners that a failure to maintain a normal parental relationship was not willful or was excused by just cause must be relevant to the period of abandonment." *In re Doe*, 155 Idaho 505, 510, 314 P.3d 187, 192 (2013). For example,

> in *Doe v. Doe*, the father offered evidence to show that the mother of his children prevented him from visiting them and that his ability to travel was limited. 152 Idaho 77, 80-81, 266 P.3d 1182, 1185-86 (Ct. App. 2011). The Court of Appeals noted, however, that this evidence only related to a small portion of his twenty-two-month absence from his children's lives. *Id*. at 81, 266 P.3d at 1186. Because the evidence did "not explain the lack of contact for the balance of [the] relevant timeframe," the evidence was insufficient to "legitimize his near-total failure to visit or communicate with his children for twenty-two months."

*Id*. Here, the court made a factual finding that Mother last visited or spoke with F.M. in August 2017. The court concluded that Father presented a prima facie case of abandonment because Mother "failed to maintain a normal parental relationship by failing to have any personal contact with F[.M.] for over one year." The court did not specify what particular period, or periods, from 2017 until the present constituted prima facie abandonment.

In addition and as set forth above, the court concluded that various excuses presented by Mother constituted just cause for Mother's abandonment. Although the court found some specific dates associated with Mother's excuses for abandoning F.M., the court did not set forth dates as to all of the factors that it determined constituted just cause. Because the evidence offered to rebut a

---

[4]     In addition, Father contends that each of the court's findings may have served as a logistical barrier for Mother, but those minor barriers cannot properly constitute valid excuses for Mother's clear intentional failure to maintain a normal parental relationship with F.M. Because of our later conclusion that the court erred by failing to specify a period of abandonment and correlate the just cause excuses with that period, we need not analyze whether the particular excuses in this case amount to just cause for Mother's abandonment.

prima facie showing of abandonment must be relevant to the period of abandonment and it is not clear from the court's findings when the prima facie abandonment or excuses for such abandonment occurred, we are unable to determine whether the court properly applied I.C. § 16-2002(5). *In re Doe*, 155 Idaho at 510, 314 P.3d at 192. Accordingly, we vacate the court's judgment dismissing Father's petition to terminate Mother's parental rights and remand this case to the magistrate court.

**B.     Neglect**

Father argues that he presented sufficient evidence that Mother neglected F.M. and the court erred by failing to analyze that statutory ground for termination. In response, Mother argues that although Father pled neglect in his petition, Father only mentioned neglect twice at trial in his opening argument. Mother contends that Father did not argue neglect to the court; thus, the court did not err by failing to consider that ground for termination.

In his opening brief on appeal and while discussing abandonment, Father acknowledges that the majority of the evidence presented at trial pertained to abandonment. Nonetheless, Father pled neglect in his petition, stated twice in his opening argument that Mother neglected F.M.,[5] and presented evidence of Mother's neglect at trial. Moreover, the court explicitly recognized that Father pled neglect in his petition but stated that Father's "focus" at trial was on Mother's abandonment of F.M. Regardless of his focus, Father did not expressly waive his claim of neglect or abandon that ground for termination at trial. *See Telford Lands LLC v. Cain*, 154 Idaho 981, 992, 303 P.3d 1237, 1248 (2013) (vacating lower court's dismissal of counterclaim where lower court determined that defendant abandoned claim but nothing in the record indicated defendant's intent to abandon claim). Instead, Father argued in his opening statement that the evidence presented at trial would satisfy the elements of neglect and abandonment. Consequently, Father's claim of neglect should have been reviewed by the court and the court erred by failing to do so.

## IV.

## CONCLUSION

It is unclear from the magistrate court's findings (1) what period, or periods, of time the court concluded that Mother abandoned F.M., and (2) when the events that the court determined

---

[5]     In one instance, Father's counsel stated the following during opening arguments: "The testimony that the Court's going to hear today, the evidence that, sadly, the elements of abandonment and neglect have been met by [Mother's] behavior over the course of several years."

8

constituted just cause occurred. Thus, we are unable to determine whether the court properly applied I.C. § 16-2002(5). In addition, the court erred by failing to analyze Father's claim of neglect. Accordingly, we vacate the judgment dismissing Father's petition to terminate Mother's parental rights and remand this case to the magistrate court for consideration consistent with this opinion.[6]

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[6] In the event that the magistrate court concludes that Mother neglected or abandoned F.M. without just cause, a best interests of the child analysis will be necessary. We imply no conclusions as to the issues of neglect, abandonment, or best interest.